373 A.2d 803.

STATE *vs.* RAYMOND P. WOODCOCK.

MAY 24, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is an appeal from a judgment of conviction following a jury verdict of guilty on two counts

of an indictment charging the defendant with violation of G.L. 1956 (1969 Reenactment) §17-23-4 by aiding, counseling and procuring a fraudulent vote and violation of §17-23-10 by improperly performing his duties as a voter registration agent.

On August 10, 1974, defendant Raymond P. Woodcock was a Rhode Island state senator empowered, under G.L. 1956 (1969 Reenactment) §17-9-5, as amended by P.L. 1976, ch. 24, §1, to register voters within this state. While so doing on the above date, defendant encountered one JoAnn DeGrado. According to the uncontradicted testimony of Ms. DeGrado, she informed defendant of her current address, which was not in his senatorial district, and was advised by him to register using her former address, one within that district. At that time, Ms. DeGrado signed a registration card, on which she left the address portion blank. This card, on which her former address was inserted after it was given to defendant, was signed by him and forwarded to the proper authorities. On the basis of this registration, Ms. DeGrado subsequently voted in the 1974 fall primary in defendant's senatorial district.

A grand jury indictment charging defendant with violation of §17-23-4 and of §17-23-10 was handed down on December 2, 1974.[1]

The case was tried before a Superior Court justice and jury in Kent County, and defendant was found guilty of the violations set out above. His motions for a new trial and for dismissal of the indictment were denied, and there-

---

[1] The indictment contained six counts and involved the registration by defendant of Ms. DeGrado and two other individuals. Counts I and IV, concerning the registration of one Thomas Whately, resulted in jury verdict of not guilty; on Counts II and V, concerning the registration of one Jean S. White, a verdict was directed for the defendant. We are concerned on this appeal only with the registration of Ms. DeGrado as set out in Counts III and VI.

after defendant was sentenced to 1-year unsupervised probation on Count VI and, on Count III, was fined $500, given a 6-month suspended sentence and placed on unsupervised probation.

The defendant argues that the trial court erred in denying his motion to dismiss the indictment, in denying his motion for a judgment of acquittal, and in charging the jury as to residence within a senatorial district. The claim of error in these instances is dependent on defendant's interpretation of the thirty-eighth amendment to the Rhode Island Constitution, and the effect of that amendment's passage on the statutory provisions under which defendant was convicted. R.I. Const. amend. XXXVIII reads as follows:

"§1. Persons qualified to vote.—Every citizen of the United States of the age of eighteen (18) years or over who has had his residence and home in this state for thirty (30) days next preceding the time of voting, who has resided thirty (30) days in the town or city from which he desires to vote, and whose name shall be registered at least thirty (30) days next preceding the time of voting as provided by law, shall have the right to vote for all officers to be elected and on all questions submitted to the electors, except that no person who has been lawfully adjudicated to be non compos mentis shall be permitted to vote. Nor shall any person otherwise qualified to vote as provided in this article be permitted to vote while serving a prison sentence on final conviction of a felony nor subsequent to such imprisonment until the franchise shall have been restored by an act of the general assembly. The general assembly may provide by law for shorter state and local residence requirements to vote for electors for president and vice president of the United States.

"§2. Registration of voters and contributions to candidates.—The general assembly shall provide by law for the nomination of candidates; for a uniform system of permanent registration of voters; for the

exemption from such registration of persons in the active service of the nation and their families absent from the state because of such service, and, in time of war, members of the Merchant Marine; for absentee and shut in voting; for the time, manner and place of conducting elections; for the prevention of abuse, corruption and fraud in voting; and may define by law residence for voting purposes, but no person shall acquire such residence merely by being stationed or assigned in this state in the active service of the United States.

"The general assembly shall require each candidate for general office in any primary, general or special election to report to the secretary of state all contributions and expenditures made by any person to or on behalf of such candidate, provided however, that the general assembly may limit such disclosure to contributions or expenditures in excess of such an amount as the general assembly shall specify.

"§3. Effect on other laws.—All laws of the state in effect on the date of the adoption hereof relating to qualifications of electors, time, place, manner and extent of voting by electors, and not inconsistent herewith, shall remain in full force and effect until amended or repealed by the general assembly.

"§4. Annulment of previous provisions.—This amendment shall take in the constitution of the State the places of article II, §5, and of articles XXII, XXIV, XXIX, XXX, XXXIV and XXXV of the articles of amendment to the constitution, which said articles, and all provisions of the constitution inconsistent herewith are hereby annulled."

The defendant urges §1 of amendment XXXIII as the definitive statement as to residency requirements within this state, thus invalidating senatorial district residency requirements. Since Ms. DeGrado was registered within the city in which she resided, defendant argues that the requirements of §1 were met, that no fraudulent vote occurred and therefore defendant's conviction cannot lie.

The thrust of defendant's argument lays stress on the language of §1 while taking less than adequate measure of the remainder of the amendment. As has been noted by this court, the thirty-eighth amendment to the constitution retains in the General Assembly long-recognized and extensive authority over elections. *Chase* v. *Burns,* 114 R.I. 485, 490-91, 335 A.2d 334, 337-38 (1975). Section 2 specifically allows for the definition of residency for voting purposes by the General Assembly and "for the prevention of abuse, corruption and fraud in voting." Section 3 stands as a saving clause, giving full force and effect to election laws in effect on the date of the amendment's adoption and not inconsistent therewith. We do not find the requisite degree of repugnancy of §17-23-4 and §17-23-10[2] to the thirty-eighth amendment. *Opinion to the*

---

[2]General Laws 1956 (1969 Reenactment) §17-23-4 reads as follows:

"Fraudulent or repeat voting.—Every person who in any election shall fraudulently vote or attempt to vote, not being qualified, notwithstanding his name may be on the voting list at the polling place where he shall vote or attempt to vote; or who shall vote or attempt to vote in the name of some other person, whether such name is that of a person living or dead, or of a fictitious person; or having voted in one town, ward, senatorial district, representative district, or voting district, whether his vote in such case was legal or not, shall vote or attempt to vote in the same or in another town, ward, senatorial district, representative district, or voting district, or who shall fraudulently vote or attempt to vote in a town, ward, senatorial district, representative district, or voting district other than in the town, ward, senatorial district, representative district or voting district wherein he has his residence and home at the time of his voting or attempting to vote, or who shall aid, counsel, or procure any other person to so vote or attempt to vote, shall be punished by a fine of not less than five hundred dollars ($500) nor more than one thousand dollars ($1,000) or by imprisonment not less than six (6) months nor more than two (2) years, or both such fine and imprisonment, in the discretion of the court, and no person after conviction of such offense shall be permitted to vote in any election or upon any proposition pending before the people, or to hold any public office. Voting, for the purposes of this chapter, shall consist in the casting of a

*Governor*, 62 R.I. 316, 323, 6 A.2d 147, 150 (1939). Indeed, consistency is favored by a consideration of the plain language of the amendment, of the substance of the amendment, of its predecessor provisions, and of the corollary provisions within the constitution allowing for the senatorial districts themselves. R.I. Const., amend. XIX.

The defendant also cites as error the trial justice's denial of his motions for dismissal and for a new trial on grounds of selective prosecution and/or withholding of evidence tending to exculpate the defendant. The question of selective enforcement was initially raised at trial when the defendant attempted to file an affidavit of one Andrew Annaldo and made an offer of proof to the effect that this affidavit had been submitted to the Attorney General. The affidavit stated that Mr. Annaldo found as the result of a 4-day door-to-door canvas thirty-eight individuals whose names were on the voting list of the 4th ward of Providence but who did not appear to live at the addresses from which they were registered. It does not allege that any of these individuals either registered or actually voted in violation of the laws of this state. On the record before us we cannot say the trial justice abused his discretion in the denial of these motions. The information available to the defendant at trial is, on the record, the full extent of his proffered evidence on this issue. It was not concealed by the prosecution nor does it tend to exculpate the de-

---

vote, or attempting to cast a vote, whether such vote has been cast or not."

General Laws 1956 (1969 Reenactment) §17-23-10 reads as follows:

"*Violations by public officers generally.*—Any public officer upon whom a duty is imposed by this title, who shall wilfully neglect to perform such duty, or who shall perform it in such a way as to hinder the objects of this title, shall be punished by a fine of not less than fifty dollars ($50) nor more than one thousand dollars ($1,000), or by imprisonment for not more than one (1) year, or by both such fine and imprisonment, except where otherwise specifically provided."

fendant. The claim of selective prosecution on this record is without merit.

The defendant's appeal is denied and dismissed, the judgment appealed from affirmed, and the case is remitted to the Superior Court for further proceedings.

*Julius C. Michaelson,* Attorney General, *John R. Mc-Dermott,* Special Asst. Attorney General, for plaintiff.

*John F. Sheehan,* for defendant.